UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 97-CR-42-MOORE

CURTIS BLOUNT

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent,

_____/

**REPORT AND RECOMMENDATION ON
PETITIONER'S MOTION TO MODIFY TERM OF IMPRISONMENT
PURSUANT TO 18 U.S.C. § 3582(c)(2) [DE 144] AND
MOTION TO DISMISS INDICTMENT FOR DOUBLE JEOPARDY
AND CONSTRUCTIVE AMENDMENT [DE 145]**

THIS CAUSE comes before the Court on Petitioner Curtis Blount's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582 (c)(2) ("Motion to Modify"), **[DE 144, 8/18/04],**[1] and Motion to Dismiss Indictment for Double Jeopardy and Constructive Amendment ("Motion to Dismiss"), **[DE 145, 8/23/04]**. The government filed a response to both motions. [DE 146]. The Honorable K. Michael Moore referred these motions to the undersigned for resolution. [DE 149]. For the reasons stated, the Petitioner's Motions should be **DENIED**.

---

[1]All docket entries refer to Case No. 97-CR-42 unless otherwise indicated.

I. **BACKGROUND**

A. **Trial**

On January 23, 1997, Petitioner Curtis Blount, was charged by multi-defendant indictment with: Hobbs Act robbery of a restaurant in violation of 18 U.S.C. § 1951(a) (Count IV); using and carrying a firearm during the course of that robbery in violation of 18 U.S.C. § 924(c)(1) (Count V); car-jacking, in connection with the robbery, in violation of 18 U.S.C. § 2119 (Count VI); and using and carrying a firearm during the course of the car-jacking, in violation of 18 U.S.C. § 924(c)(1)(Count VII). [DE 1].

Petitioner was found guilty by a jury of all four counts. [DE 86]. On November 21, 1997, the court sentenced Petitioner to 108 months for Counts IV and VI to be served concurrently, five years for Count V and twenty years for Count VII to be served consecutively to each other and consecutively to Counts IV and VI, for a total term of imprisonment of 408 months. [DE 101, 105].

B. **Direct appeal**

On December 1, 1997, Petitioner appealed his conviction [DE 107], which the Eleventh Circuit affirmed on June 22, 1999. [DE 119]; *United States v. Kimble*, 178 F.3d 1163 (11th Cir. 1999). On January 10, 2000, the Supreme Court denied certiorari review of the Petitioner's appeal. *Blount v. United States*, 528 U.S. 1083 (2000).

C. **First § 2255 petition**

On January 9, 2001, Petitioner filed a petition pursuant to 28 U.S.C. § 2255 attacking

his conviction and sentence.[2]  [DE 1, Case No. 01-CIV-108].  On September 11, 2001, Magistrate Judge Charlene H. Sorrentino recommended that the § 2255 petition be denied. [DE 14, Case No. 01-CIV-108].  On November 30, 2001, Judge Moore entered an order adopting Judge Sorrentino's recommendation and denied the petition. [DE 20, Case No. 01-CIV-108].

### D. First motion for reduction of sentence

On September 15, 2002, Petitioner, *pro se*, filed a Motion for Reduction of Sentence Base[d] on Guideline Amendment 599 Effective November 1, 2000, 18 U.S.C. § 3582(c)(2) and 1B1.10 of the Sentencing Guideline. [DE 136].  In this motion, Defendant sought to reduce his sentence based on Amendment 599 to the Sentencing Guidelines, which became effective November 1, 2000, and caused a reduction of the sentencing guideline range applicable to Petitioner.  After this motion was fully briefed, Defendant was appointed counsel pursuant to the Criminal Justice Act [DE 139, 142] who appeared on Petitioner's

---

[2]As reported by Judge Sorrentino, Petitioner presented the following claims:

1. He received no notice of intent to enhance his sentence for the two violations of 18 U.S.C. § 924(c);
2. The sentence based on one event did not create two successive convictions for a second or a successive conviction;
3. There was a misapprehension of law at sentencing by the court and the participants;
4. The complete misapprehension of the law by counsel, the prosecution, and the court as to the specific offense implicated, rendered the conviction and the sentence invalid; and
5. Counsel rendered ineffective assistance at trial and on appeal.

[DE 14, Case No. 01-CIV-108].

3

behalf at his re-sentencing on January 14, 2003 [DE 141]. On January 15, 2003, Judge Moore entered an order reducing Petitioner's sentence on Counts IV and VI from 108 month to 63 months each, to run concurrently with each other. The other terms of imprisonment remained unchanged. [DE 140]. Defendant did not appeal this order. As explained below, Petitioner challenges this order in the present motion.

### E.    Second § 2255 petition.

On February 3, 2004, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [DE 1, Case No. 04-CIV-20254]. In this action, Petitioner claimed that although he was charged with a count of carrying a firearm during the commission of a robbery (Count V) and a separate count of carrying a firearm during the commission of a car jacking (Count VII), both in violation of 18 U.S.C. § 924 (c)(1), the criminal conduct that gave rise to the criminal prosecution was in fact one transaction involving only a single use of a firearm. Therefore, Petitioner argued this single transaction and use of a firearm could not support the two separate concurrent sentences imposed against him for Counts V and VII of the indictment. Magistrate Judge Patrick A. White, in a report and recommendation, concluded this § 2241 petition was in effect a successive petition to vacate pursuant to 28 U.S.C. § 2255 that lacked the necessary prior approval of the Eleventh Circuit. [DE 3, Case No. 04-CIV-20254]. Judge White also found the petition barred by the one year statute of limitations imposed by § 2255. [*Id*]. For these reasons, Judge White recommended Petitioner's § 2241 petition be dismissed. [*Id.*]. On February 27, 2004, the Honorable James

Lawrence King adopted Judge White's report and recommendation and dismissed Petitioner's petition. [DE 5, Case No. 04-CIV-20254].

## II. ANALYSIS

### A. Motion to modify term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) [DE# 144].

Petitioner's Motion to Modify is difficult to understand. It appears to assert that Petitioner is entitled to relief pursuant to § 3582(c)(2) because Judge Moore miscalculated the reduction of sentence due Petitioner pursuant to his first motion for reduction of sentence. Petitioner also appears to be arguing that he is entitled to a reduction of his sentence, or at least resentencing, based on *Blakey v. Washington*, 542 U.S. 296 (2004).

Title 18 U.S.C. § 3582(c), allows a post-judgment reduction of a term of imprisonment as follows:

> **(c) Modification of an imposed term of imprisonment.- -** The court may not modify a term of imprisonment once it has been imposed except that- -
>
> \* \* \*
>
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission.

Petitioner has not alleged any of the circumstances set forth in §3582(c) that would permit a further reduction of his sentence. Petitioner does not claim a subsequently lowered guideline range other than that already addressed by this Court, a motion has not been brought under Rule 35[3], nor has Petitioner identified, nor is this Court aware of, any other statute that affords him relief. For these reasons this Court is without authority to grant Petitioner's request for relief under § 3582(c). *See United States v. Ugarte-Castro*, 2000 WL 1450995 at *1 (1st Cir. 2000).

As an alternative, this Court has construed the Motion to Modify as a petition to correct Petitioner's sentence under § 2255, and has concluded that such a petition would have to fail. First, the Motion was not filed within the applicable statute of limitation for § 2255 claim i.e., within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255. Petitioner's modified sentence became final on January 28, 2003,[4] more than a year and a half before Petitioner filed the Motion To Modify. As a result, Plaintiff is

---

[3] Pursuant to Federal Rule of Criminal Procedure, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Court may also reduce a sentence pursuant to Rule 35(b), in limited circumstances upon motion of the government.

[4] Because Petitioner did not file a direct appeal of the January 15, 2003 recalculated sentence, it became final when the ten day period for filing a notice of appeal expired on January 28, 2003. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (a case is final when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied").

procedurally barred from asserting a § 2255 claim. *See Ugarte-Castro*, 2000 WL 1450995 at *1 (although a district court is vested with authority to entertain motions to correct a sentence pursuant to 28 U.S.C. § 2255, it may not do so if filed beyond the statute of limitations).

Petitioner is procedurally barred from raising a § 2255 claim for a second reason: he has not demonstrated cause and prejudice for his failure to raise the issue on direct appeal. Petitioner did not appeal his re-sentencing and "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982) and *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Cause for a procedural default must ordinarily turn on whether the petitioner can show some "objective factor external to the defense impeded counsel's efforts" to comply with procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the error must have "worked to [Petitioner's] *actual* and substantial disadvantage." *Frady*, 456 U.S. at 170.[5]

---

[5] An exception to this general rule is made for claims of ineffective assistance of counsel. *Massaro*, 538 U.S. at 504. Petitioner does make a general reference to ineffective assistance of counsel, but there is no support for such a claim as Petitioner brought his first motion for reduction of sentence *pro se*. To the extent that Petitioner complains of his appointed counsel's representation at his re-sentencing hearing, his generalized claim is woefully insufficient to afford him relief under *Strickland v. Washington*, 466 U.S. 668 (1984). *See, e.g., Michael v. Crosby*, 430 F.3d 1310, 1319-20 (11th Cir. 2005)(under *Strickland*, petitioner wishing to demonstrate that counsel was ineffective must show: (1) that counsel's performance was objectively unreasonable and fell below the wide range of competence demanded of attorneys in criminal cases; and (2) a reasonable probability that counsel's deficient performance affected the outcome of the case)(internal citations and quotation

The only rationale Petitioner asserts for his failure to earlier raise a claim of error is "it took [him] a while to figure out he's been duped, tricked . . . ." [DE 144, pg 3]. This, however, does not amount to cause. Petitioner has not shown why it took him one and a half years to determine that he had been "duped" or "tricked." Significantly, a *pro se* petitioner is not exempt from the cause and prejudice requirement. *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). This Circuit has explicitly held that a *pro se* petitioner's failure to act or think like a lawyer cannot be cause for failing to assert a claim. *Id.* Rather, he must show either that an objective factor external to himself caused him to default his claim, or that the defaulted claim raises an issue that was intrinsically beyond the *pro se* petitioner's ability to present. *Id.* Petitioner has done neither here. Having failed to establish cause, a request for relief pursuant to § 2255 must fail.

Although the Court need not address the merits of the petition because it is procedurally barred, this Court notes that Petitioner's argument pursuant to *Blakey v. Washington* must fail for another reason. The Eleventh Circuit has expressly held that the Supreme Court's decision in *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005),[6] is not retroactive to cases on collateral review. *Varella v. United States*, 400 F.3d 864, 868

---

marks omitted). Petitioner has shown neither.

[6] In *Blakely*, the Supreme Court invalidated a defendant's sentence under the state of Washington's sentencing guidelines as violative of the defendant's right to a jury trial under the Sixth Amendment to the U.S. Constitution, because the defendant's sentence was enhanced based on facts found by the court that were neither admitted by the defendant nor found by a jury. 542 U.S. at 296. The Court in *Blakely* expressly declined to extend its ruling to the Federal Sentencing Guidelines. *Id.* at 305 n.9. It did so later in *United States v. Booker*, 543 U.S. 220 (2005).

(11th Cir. 2005), *cert. denied*, 126 S. Ct. 312 (2005). In *Varella*, the Eleventh Circuit applied the non-retroactivity doctrine[7] of *Teague v. Lane*, 489 U.S. 288 (1989) to claims arising under *Blakely* and *Booker*. *Id.*

Here, Petitioner's recalculated sentence became final on January 28, 2003, years before the new rule in *Booker* was announced on January 12, 2005, and well before the *Blakely* decision. Under the rule announced in *Varella*, Petitioner's *Blakely/Booker* claim is barred.

### B. Motion to dismiss indictment for double jeopardy and for constructive amendment [DE# 145].

As was the case with the Motion to Modify, Petitioner's Motion to Dismiss is confusing and it is difficult for this Court to determine with certainty what error Petitioner complains of. That being said, the Court need not reach the merits of Petitioner's claim as once again, it is clear it is procedurally barred.

In his Motion to Dismiss, Petitioner has not identified a rule or statute that would authorize the Court to grant him post-conviction relief. Petitioner brings his motion pursuant to 28 U.S.C. §§ 1331[8] and 1361[9] and 18 U.S.C. § 3742. However, these statutes do not

---

[7] "Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague*, 489 U.S. at 310.

[8] 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[9] 28 U.S.C. § 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

authorize relief here; rather §§ 1332 and 1361 delineate the district court's jurisdiction, and § 3742 allows the appeal of an otherwise final sentence. The latter statute does not afford Petitioner relief, as it requires an appellant to file a notice of appeal within ten days from the judgment or the order being appealed and Petitioner's time for noticing an appeal has long since passed. *See* F. R. App. P. 4(b). While the legal authority relied upon by Petitioner is inapplicable, this Court has a duty to liberally construe *pro se* pleadings, *Gomez-Diaz v. U.S.*, 433 F.3d 788, 791 (11th Cir. 2005). With this principle in mind, the undersigned has considered other possible avenues of post-judgment relief, all of which are unavailing.

While Rule 35 of the Federal Rules of Criminal Procedure provides a mechanism for obtaining post-judgment relief, it is not applicable here. Rule 35(a) provides: "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Court may also reduce a sentence pursuant to Rule 35(b), in limited circumstances upon motion of the government. Plaintiff's Motion to Dismiss, which he filed more than a year and a half after his January 15, 2003 re-sentencing and more than five years after his original sentencing, cannot afford Petitioner relief under this Rule.

Likewise, Petitioner cannot prevail if the Court construes his Motion to Dismiss as seeking habeas relief. Petitioner appears to challenge his conviction by arguing that his indictment is invalid because it was facially defective and constructively amended when the

---

thereof to perform a duty owed to the plaintiff."

10

trial court issued jury instructions. Because Petitioner is challenging the legality of his conviction and sentence as opposed to the execution of his sentence, this Court can only construe his claim as one for relief pursuant to § 2255. *See Cephas v. Nash,* 328 F.3d 98, 104 (2d Cir. 2003) (federal jurisdiction to hear habeas claims based on the invalidity of a federal conviction or sentence is limited to § 2255 unless a petitioner can show that a motion pursuant to that section is inadequate or ineffective to test the legality of his detention).

Because Petitioner did not raise the arguments regarding the allegedly defective indictment and constructive amendment on appeal, he is precluded from raising these issues in a habeas proceeding unless, as discussed, he can make the requisite showing of cause and prejudice. Because Petitioner has made no such showing, he is prohibited from raising these issues by way of a § 2255 motion.

Moreover, § 2255 also does not afford relief for Petitioner because of the one year statue of limitations contained in § 2255. Further, because this would constitute Petitioner's third § 2255 petition seeking relief from his original conviction, it is also barred pursuant to § 2255 ("a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . .") and 28 U.S.C. § 2244(b)(3)(A).

Before a second or successive § 2255 petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has not applied for an order authorizing this Court to consider a subsequent § 2255 application, this

11

Court is precluded from entertaining this type of motion. Moreover, it would not be appropriate to transfer the case to the Court of appeals as any § 2255 challenge to Petitioner's conviction is barred by the one-year statute of limitations, and because he has not shown cause and prejudice.[10]

### III. RECOMMENDATION

For the foregoing reasons, it is hereby

RECOMMENDED that:

Petitioner's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), **[DE 144]**, and Motion to Dismiss Indictment for Double Jeopardy and Constructive Amendment, **[DE 145]**, be **DENIED**.

Petitioner will have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Plaintiff from attacking on appeal factual findings contained herein. *Licente v. Dagger*, 847 F.2d 745 (11th Cir. 1998), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144 (11th Cir. 1993).

---

[10] For the same reasons, a direct transfer of this case to the Court of Appeals as provided by 28 U.S.C. § 1631 would not be appropriate. *See Guenther v. Holt*, 173 F.3d 1328, 1330-31 (11th Cir. 1999) (court not required to transfer successive habeas petition directly to Court of Appeals because petition was nonetheless time-barred).

RESPECTFULLY SUBMITTED in Miami, Florida, this 16th day of November, 2006.

*[signature]*
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

*Copies to:*
*The Honorable K. Michael Moore*
All counsel of record
Curtis Blount, *pro se*